IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WILLIAM JOSEPH WISEMAN     PLAINTIFF

v.     Civil No. 4:09-cv-04003

TONY YOKEN, Judge, Hempstead
County; DANNY P. ROGERS, Public
Defender, Hempstead County; ANTHONY
BIDDLE, Public Defender; and
RANDY WRIGHT, Judge,
Hempstead County     DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, William Joseph Wiseman (hereinafter Wiseman), filed this civil rights action pursuant to the provisions of 42 U.S.C. § 1983 on January 14, 2009, in the Eastern District of Arkansas. The case was ordered immediately transferred to this district.

Wiseman is currently incarcerated in the Hempstead County Detention Facility in Hope, Arkansas. He proceeds *pro se* and *in forma pauperis.*

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2007), the Honorable Harry F. Barnes, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation. The case is before me for a determination of whether service of process should issue.

### BACKGROUND

According to the allegations of the complaint (Doc. 1) and several supplements (Doc. 6, Doc. 7, and Doc. 10), Wiseman is being charged with aggravated assault and terroristic threatening in the Circuit Court of Hempstead County, Arkansas. Wiseman was initially only charged with aggravated assault. The terroristic threatening charge was added by the filing of an amended information on

November 12, 2008. *See* (Doc. 6) at page 4. Wiseman objects to the terroristic threatening charge having been added and notes that this charge does not show up on his booking information at the Hempstead County Detention Facility. *See* (Doc. 10) at page 3(booking date of October 18, 2008).

In connection with the state criminal case, Wiseman appeared before District Judge Tony Yokum (actually Yocum). The case is assigned to Circuit Judge Randy Wright.

Wise does not believe he is being properly represented by his public defenders, Danny P. Rodgers and Anthony Biddle. Among other things, Wiseman has been unable to get copies of motions or discovery papers filed on his behalf. He additionally does not believe they have defended him as they should. *See e.g.,* Doc. 1 at page 7.

As relief, Wiseman would like his charges dismissed. He also requests damages in the amount of $1000 per day for the days he has been in jail as well as monetary compensation for his emotional stress and the time he has spent away from his family.

## DISCUSSION

Wiseman's claims are subject to dismissal. First, Judge Tony Yoken (actually Yocum) and Judge Randy Wright are immune from suit. *See Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). *See also Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978).

Judicial immunity is overcome in two situations: (1) if the challenged act is nonjudicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *See*

*Mireles*, 502 U.S. at 11.  It is clear from the allegations of the complaint that neither situation applies here.

In the past, claims for declaratory and injunctive relief "have been permitted under 42 U.S.C. § 1983 against judges acting in their official capacity."  *Nollet v. Justices of Trial Court of Com. of Mass.*, 83 F. Supp. 2d 204, 210 (D. Mass. 2000), *aff'd without op.,* 248 F.3d 1127 (1st Cir. 2000)(*citing Pulliam v. Allen,* 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984)).  "However, in 1996 Congress passed the Federal Courts Improvement Act ("FCIA"), Pub. L. No. 104-317, Title III § 309(c), 110 Stat. 3847, 3853, which legislatively reversed *Pulliam* in several important respects."  *Nollet*, 85 F. Supp. 2d at 210.  As amended by the FCIA  § 1983 now precludes injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable."  42 U.S.C. § 1983.

Wiseman does not allege that either of these prerequisites for injunctive relief are met.  *See e.g., Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999)(holding injunctive relief against a quasi-judicial official is barred if the plaintiff fails to allege a violation of a declaratory decree or the unavailability of declaratory relief); *Fox v. Lee*, 99 F. Supp. 2d 573, 575-576 (E.D. Pa. 2000)(claim for injunctive relief dismissed where plaintiff's complaint fails to allege that either of the prerequisites to injunctive relief were met); *Ackermann v. Doyle*, 43 F. Supp. 2d 265, 273 (E.D. N.Y. 1999)(dismissing action against judicial officers because plaintiff failed to allege that a declaratory decree was violated or the declaratory relief was unavailable).  Thus, to the extent Wiseman seeks injunctive relief his claims are subject to dismissal.

Second, public defenders  Danny Rodgers and Anthony Biddle are not subject to suit under § 1983.  A § 1983 complaint must allege that each Defendant, acting under color of state law,

deprived Plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. *See DuBose v. Kelly*, 187 F.3d 999 (8th Cir. 1999). Rodgers and Biddle were not acting under color of state law while representing Wiseman in his state court criminal proceeding. *See Polk County v. Dodson*, 454 U.S. 312, 318, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981) (public defender does not act under color of state law when performing traditional functions as counsel).

## CONCLUSION

I therefore recommend that Wiseman's claims be dismissed on the grounds that the claims are frivolous, fail to state claims upon which relief may be granted, and seek relief against Defendants who are immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action may be dismissed on such grounds at any time).

**Wiseman has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Wiseman is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 10th day of March 2009.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE